NORTHWEST ARKANSAS LUMBER COMPANY *v.* HOUSTON.

Opinion delivered October 13, 1919.

1.  CONTRACT—SALE OF SILO—WRITTEN AGREEMENT—EVIDENCE OF SALE BY SAMPLE.—A contract for the sale of a silo was in writing, and specified the kind and character of silo to be delivered. It contained a clause that the contract embodied all, and was the only agreement between the parties. *Held,* oral proof to the effect that the silo should be constructed out of material of a sample exhibited at the time of the sale is contradictory of the writing and inadmissible.

2.  SAME—SAME—SAME—SILAGE CUTTER.—Under the same contract and facts as set out above, evidence that at the time of the sale the seller agreed to furnish a silage cutter for the use of all the purchasers of silos in the neighborhood is inadmissible.

Appeal from Conway Circuit Court; *A. B. Priddy,* Judge; reversed.

*Calvin Sellers,* for appellant.

1.  The court erred in permitting the testimony concerning the sample to go to the jury, and in refusing to exclude. There is nothing in the orders indicating that the silos were sold by sample or that any representations were made by the agent about any samples whatever.

Defendant could not add to or vary the terms of the contract, as it recites that it was the only contract or agreement entered into. 36 S. E. 291; 56 N. E. 619; 14 Minn. 273; 60 Minn. 219; 61 N. W. 1132; 18 Wendel (N. Y.), 425; 77 N. Y. 614; 78 Va. 254.

There were no false representations, and, if so, defendant did not rely upon them, and the burden was on the defendant to show this.

Under the pleadings and proof the judgment should be reversed and judgment entered here.

*Edward Gordon,* for appellees.

1. Parol evidence was admissible to show that the agent of appellant assured appellee that Libby had sold and guaranteed that their ensilage could be cut for 30 cents a ton. 76. Ark. 140; 48 Ark. 138; 100 *Id.* 363.

2. The testimony shows that appellant furnished its agent, Medlock, samples to sell by and can not now object to proof that he sold by the samples. 72 Pac. 537.

3. There is no error in the instructions nor any ruling of the court as to samples. 68 S. W. 594; 107 N. W. 428; 4 Ky. Law Rep. 716; 39 S. W. 855; 67 N. E. 617; Tiedeman on Sales, § 188. Whether the sale was by sample or not was for the jury. 18 Wend. 425; Long on Sales (Rand. Ed.), § 540; 4 Comp. 144; *Ib.* 22; 87 N. Y. Supp. 168.

4. There is ample evidence to sustain the verdict, and it is conclusive, as there is no error in. the instructions. *Supra.*

HUMPHREYS, J. Appellant instituted three separate suits in a magistrate's court against the respective appellees for amounts due on the purchase price of silos, the amounts being represented by three notes. The Houston note was for $62.50; the Massengill note for $60, and the Bailey note for $75. The suits were based upon the following written order:

"Notice. * * * The Northwest Arkansas Lumber Company shall not be held responsible for delays in delivery caused by strikes, fires, storms or transportation companies.

"Northwest. Arkansas Lumber Company.

"Date, Dec. 6, 1916.

"Please ship to me on or before April 15, 1916, or at your earliest convenience, to town of Morrilton, County of Conway, State of Arkansas, the following described silo at prices f. o. b. Fayetteville, Arkansas, this order being subject to approval of the Northwest Arkansas Lumber Company of Fayetteville, Ark.:

| Outside Diameter | Height | Kind of Wood | Price |
|---|---|---|---|
| 10 ft. | 20 | Yellow Pine | $125.00 |

"Subject to countermand up to 3/15/16.

"On receipt of the above I will pay to the Northwest Arkansas Lumber Co., or its order, $125 dollars, payable at Morrilton, Bank of Morrilton, as follows, towit: One-half November 1, 1916; one-half November 1, 1917, at rate of 8 per cent after November 1, 1916.

"It is understood that the silo above ordered is guaranteed according to current catalogue, and all staves are to be two inches thick before being machined, all staves to be tongued and grooved. All silos furnished with continuous door frame and doors, rafters, hoops and anchors. All claims for shortage, damaged or defective parts must be made by purchaser within ten days from time of receiving silo. In the event shortage exists or parts are to be replaced, purchaser shall render all friendly and necessary assistance free of charge and shall return broken or defective parts to railroad station and shall consign them to the Northwest Arkansas Lumber Company, and furnish said bill of lading as evidence of his claim. The Northwest Arkansas Lumber Company agrees to pay all freight charges in making exchange or replacing shortage. All settlements to be made at time of delivery of silo, either in cash or by bankable notes bearing current rate of interest. It is expressly agreed that the silo above ordered shall be and remain the exclusive property of said Northwest Arkansas Lumber Company, and that the title thereto shall not vest in the purchaser until the purchase price thereof or any note or security given therefor shall have been paid in full in cash, and the acceptance of notes or other security shall not act as a waiver of this condition. This order embodies all and is the only agreement between the parties hereto.

"Sign here        J. H. Houston,
"P. O. Hattieville, R. F. D. 1.

"Witness: K. Kebby, Agent.

"J. K. Medlock, written on left hand margin."

Each appellee filed a demurrer, answer and cross-complaint in the suit brought against him.

The defense set up in the answer was that the agent who took the order represented that the company would place a silage cutter and engine with a Mr. Libby in the neighborhood, who would cut the silage for use in the silos at thirty cents per ton, and that they relied upon said representation so made by the agent as an inducement to signing the contract, which representations were false, fraudulent and untrue; that, in addition to the failure of appellant to furnish a cutter and engine, the silos shipped were of an inferior grade to the kind it sold appellees, that, on account of the misrepresentations as to furnishing a cutter and engine, and because the silos were of an inferior grade to the kind sold them, they refused to accept them when offered for delivery. Judgments were rendered in favor of appellees in the magistrate's court, and appeals were prosecuted to the circuit court. In the circuit court, it was agreed that the cases might be consolidated and tried as one action, and judgment rendered in each of the cases as though tried separately. It was also agreed that, should judgment be rendered in the Supreme Court against appellee, J. H. Houston, judgment might also be rendered against W. M. Massengill and W. J. Bailey in the amounts found due at the date of judgment, upon the notes executed by them, respectively. The consolidated cases were submitted to a jury as one action in the circuit court, under the style of Northwest Arkansas Lumber Company v. J. H. Houston, Jr., upon the pleadings and depositions of the several witnesses with exhibits thereto attached, and the instructions of the court, upon which the following verdict was returned: "We, the jury, find for the defendant. I. M. Ruff, Foreman."

A judgment was rendered for appellees in accordance with the verdict, from which an appeal has been duly prosecuted to this court.

In the course of the trial, appellees offered to introduce testimony in support of their allegation that appel-

lant's agent had represented that it would place a cutter and engine, for the purpose of cutting silage at thirty cents a ton, in the neighborhood, as an inducement to their signing the order, and that the representation was false, fraudulent and untrue. The court excluded this evidence, and the appellees saved their exceptions to the ruling of the court in excluding it.

Over the objection and exception of appellant, appellees were permitted to introduce testimony relating to the exhibition of samples and the representation on the part of the agent of appellant that the silos would be constructed of yellow pine, free from knots, like the samples, and that the silos offered for delivery had knots in them, and, in this respect, were inferior to the samples exhibited by the agent of appellant.

The cause was sent to the jury upon the theory that, if the order or contract did not specify the grade of lumber to be shipped, and samples were exhibited by the agent of appellant and represented by him to be the grade out of which the silos would be constructed, and the silos did not equal the samples in grade, appellant could not recover.

It is insisted by appellant that the court erred in admitting the evidence with reference to a sale by sample over its objection and exception. The contract was before the court and contained the following clause: "This order embodies all and is the only agreement between the parties hereto."

It contained the following description of the silo: "Outside diameter, 10 feet; height, 20 feet; kind of wood, yellow pine."

It also contained the following provision: "It is understood that the silo above ordered is guaranteed according to current catalogue, and all staves are to be two inches thick before being machined, all staves are to be tongued and grooved. All silos furnished with continuous door frame and doors, rafters, hoops and anchors."

(1) There was nothing whatever in the written contract referring to a sale by sample, or that the grade of

the lumber used in constructing the silos should compare with the lumber used in a sample. Where a contract specified the kind and character of silo to be delivered, such as this contract does, and contained a clause that the order or contract embodied all and is the only agreement between the parties, oral proof to the effect that the silo should be constructed out of material of the quality of a sample exhibited at the time of the sale, would be contradictory of the terms of the written contract. The following authorities are in point and support the rule thus announced: *Imperial Portrait Co.* v. *Bryan,* 36 S. E. (Ga.), 291; *Weston* v. *Barnicoat,* 56 N. E. (Mass.), 619; *Walter A. Wood Harvester Co.* v. *Ramberg,* 61 N. W. (Minn.), 1132.

(2) Under this view of the law, as applied to the written order or contract in evidence, the case must be reversed. We are of the opinion that the court properly excluded the evidence tending to establish the representation made by the agent of appellant in reference to the silage cutter and engine being placed in the neighborhood for cutting silage at thirty cents a ton. The allegation and proof offered amounted to no more than a representation concerning an additional promise or agreement, not included within the contract as an inducement to obtaining the signatures of appellees. It was not a false and fraudulent misrepresentation of an existing fact made as an inducement to obtaining appellees' signatures to the order.

For the error indicated, the judgment is reversed and the cause remanded for a new trial.